JACOB FISCHER, PROSECUTOR, v. JOHN T. POLLITT
ET AL., RESPONDENTS.

Argued December 8, 1920—Decided January 17, 1921.

The legislative intent indicated by the second section of the act concerning the operation of auto buses (*Pamph. L.* 1916, *p.* 283) is to the effect that the bond shall be limited in its use, scope and legal effectiveness to indemnification for damages arising to the traveling public upon the public streets of the city issuing the operating license.

On *certiorari* to review a resolution of Paterson board of public works.

Before Justice MINTURN.

For the prosecutor, *Alexander M. MacLeod*.

For the respondents, *Randal B. Lewis*.

The opinion of the court was delivered by

MINTURN, J.   The writ removes for review a resolution of the board of public works of the city of Paterson, requiring the filing of a bond by jitney owners, pursuant to section 2 of the act of 1916, limiting liability exclusively to damage arising from accidents while jitney buses shall be operating in the city.   It also removes the judgment of conviction of the prosecutor for the violation of the provisions of the said second section of the Jitney act.

The conviction was based upon the refusal of the prosecutor to file the character of bond required by the resolution, and as defendants contend is required by the Jitney act.   The prosecutor operates a jitney through certain streets in Paterson, and into the adjoining borough of Hawthorne, and the bond filed by him includes liability for damage occurring in both municipalities to the statutory limit of $5,000.   This the defendants insist is not a compliance with the act.   The act of 1916 (*Pamph. L., p.* 283), in its title concerns the operation of auto buses "in cities," and the first section of the act evinces a legislative design to provide for and regulate their operation "over any of the streets or public places in any city of this state."

The second section provides for the filing of a bond, in the sum of $5,000, "with the chief fiscal officer of the city," to indemnify the traveling public against loss arising from accidents, by reason of the operation "of such auto bus upon the public streets of such city."   This act was before this court and its constitutionality was sustained in *West* v. *Asbury Park*, 89 *N. J. L.* 402.

The legislative intent is plainly indicated, to the effect that the bond shall be limited in its use, scope and legal effectiveness to indemnification for damages arising to the traveling public upon the public streets of the city issuing the operating license. Any provision, therefore, contained in the bond of indemnity which detracts from its full efficiency as prescribed by the statute cannot be considered as a compliance with the legal requirement. The bond filed by the prosecutor contains that infirmity, since it divides its indemnifying efficacy between two municipalities instead of limiting it, as required by the statute, to the city under whose license the prosecutor operates. The result is that the judgment of conviction must be affirmed, as well as the legal validity of the resolution in question.